IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 2:10-cr-193-KOB-TMP |
| ) | |
| LACORREY RONTENDES WOODS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This cause is before the court on the government's motion to require the defendant to submit samples of his DNA. (Doc. #11). The motion contends that defendant's DNA may help confirm that he possessed a baggie of crack cocaine at the time of his arrest following a high-speed chase and car crash. For the reasons explained below, the motion, as it is currently postured, is DENIED.

Before the court is an unsworn motion asking the court to compel the defendant to submit to the taking of DNA samples by means of oral swabs. The government alleges in the motion, but supplies no sworn evidence, that a baggie of crack cocaine was found near the scene of the defendant's car crash following a high-speed chase. During the chase, agents saw the defendant throw out a gun, but did not see him discard anything that looked like a plastic bag. The bag was found about a half block from the place where defendant crashed his car and along the route of the chase. The government alleges that it is having the baggie tested by the Alabama Department of Forensics Sciences ("ADFS") to determine if there are DNA traces on it. Although no results have yet been obtained from ADFS, the government wants to take a sample of DNA from defendant for comparison purposes in the event DNA is found on the baggie.

The taking of DNA samples is clearly a search and seizure for Fourth Amendment purposes. See Padgett v. Donald, 401 F.3d 1273, 1277 (11th Cir.2005) ("The Commissioner does not dispute that the statutorily required extraction of saliva for DNA profiling constitutes a 'search' within the meaning of the [Fourth] Amendment."); Kohler v. Englade, 470 F.3d 1104, 1109 n.4 (5th Cir. 2006); see generally Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13, 103 L. Ed. 2d 639 (1989) (blood tests, breathalyser tests, and the taking of urine constitute searches); Cupp v. Murphy, 412 U.S. 291, 295, 93 S. Ct. 2000, 2003, 36 L. Ed. 2d 900 (1973) (inquiry that goes "beyond mere physical characteristics ... constantly exposed to the public" constitutes a search).  A search and seizure comports with the Fourth Amendment if it is "reasonable," and the traditional test for the reasonableness of a search is the issuance of a warrant upon a finding of probable cause by a neutral and detached magistrate.  Warrantless searches have been found to be reasonable under narrow and limited circumstances making the issuance of a warrant impracticable or unnecessary, such as consent searches,[1] searches incident to arrest,[2] searches based on probable cause and exigent circumstances,[3] and seizures of evidence in plain view,[4] among others.  Further, even suspicionless searches have been deemed reasonable where the governmental need for intrusion on the privacy of the person outweighs the invasiveness of the intrusion on the person's privacy right. In Padgett v. Donald, 401 F.3d 1273 (11th Cir. 2005), the Eleventh Circuit upheld the constitu-

---

[1] Schneckloth v. Bustamonte, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973).

[2] Arizona v. Gant, 556 U.S. ___, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).

[3] United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (*en banc*); U.S. v. $291,828.00 In U.S. Currency, 536 F.3d 1234 (11th Cir. 2008).

[4] Texas v. Brown, 460 U.S. 730, 103 S. Ct. 1535, 1542-43, 75 L. Ed. 2d 502 (1983).

tionality of a Georgia statute requiring the collection of DNA samples from all incarcerated felons. In doing so, the court wrote:

> Although reasonableness in most criminal cases depends on the government's obtaining a warrant supported by probable cause, the Supreme Court has emphasized "the longstanding principle that neither a warrant nor probable cause, nor, indeed, any measure of individualized suspicion, is an indispensable component of reasonableness in every circumstance." Nat'l Treasury Employees Union v. Von Raab, 489 U.S. 656, 665, 109 S. Ct. 1384, 1390, 103 L. Ed. 2d 685 (1989); accord Skinner, 489 U.S. at 624, 109 S. Ct. at 1417 ("[A] showing of individualized suspicion is not a constitutional floor, below which a search must be presumed unreasonable."). Suspicionless searches have been upheld, for example, to protect the country's borders, United States v. Ramsey, 431 U.S. 606, 619, 97 S. Ct. 1972, 1980, 52 L. Ed.2d 617 (1977), to maintain order within prisons, Hudson v. Palmer, 468 U.S. 517, 527, 104 S. Ct. 3194, 3201, 82 L. Ed.2d 393 (1984), and to achieve certain administrative purposes, New York v. Burger, 482 U.S. 691, 702-04, 107 S. Ct. 2636, 2643-44, 96 L. Ed.2d 601 (1987).

Id. at 1277.

The instant case, of course, is not one of these kinds. Here, the government quite clearly wants the DNA samples for potential evidentiary use against the defendant. That being so, it is necessary for the government to comply with the formalities of establishing probable cause, on sworn affidavits or evidence.[5] Rule 41(d)(2) of the Federal Rules of Criminal Procedure clearly mandates that a search warrant can issue only upon sworn evidence, either by affidavit or testimony. See also United States v. Hill, 500 F.2d 315, 321 (5th Cir. 1974)("The constitution does not mandate

---

[5] The court is aware that much, if not all, of the facts relied upon by the government was offered in testimony during an earlier detention hearing. The record in this case, however, does not include the transcript of the hearing, nor is it attached to the motion itself. Therefore, even though the undersigned has heard that testimony, even subject to cross-examination by the defendant, there is no transcribed record of it for review purposes, and the court may not rely upon its own recollection of the testimony to support the application for a warrant.

3

that a *sworn* statement in support of an application for a search warrant be reduced to writing. 'The Fourth Amendment requires only that the judicial officer issuing a search warrant be supplied sufficient information, *under oath or affirmation*, which would support an independent judgment that probable cause exists for the warrant's issuance.'"), quoting United States ex rel. Gaugler v. Brierley, 477 F.2d 516, 522 (3d Cir. 1973)(italics added). Because the government has not supported the instant motion with sworn evidence showing probable cause, the warrant to seize DNA samples from the defendant cannot issue.

Further, even if the government were to support the motion with sworn evidence setting out the above facts, the court is not convinced that the current facts establish probable cause to invade the defendant's privacy interest in his own body. A fundamental threshold for the issuance of a search warrant is probable cause to believe that the search *will* reveal contraband or evidence material to a criminal offense. A person has a very great expectation of privacy in his own body, an interest that requires a clear showing of probable cause to invade it in search of evidence.[6] A critical piece of evidence missing at the present time is whether there is any DNA on or in the baggie for purposes of comparison. Although it may result in a delay of this case, the court believes that, before there can be a finding of probable cause supporting an order requiring the defendant to submit to DNA sampling, there must be reason to believe that his DNA samples have potential evidentiary value, that is, that there is probable cause to believe that the search will reveal evidence of a crime. Unless there is DNA on or in the baggie, there is nothing to which to compare the defendant's DNA,

---

[6] This is not like cases in which a defendant is required to exhibit a tattoo, birthmark, or other distinctive characteristic. Such are often publicly displayed, thus creating only a limited expectation of privacy. In this case, the government wants to conduct an invasive procedure — albeit, one relatively modest — to seize evidence from within defendant's body. This implicates a much greater degree of sanctity for the privacy of the body.

and, consequently, no reason to believe that his DNA has any evidentiary relevance.  In order to establish probable cause to support an invasive seizure of DNA samples from the defendant's body, the government must be able to show that, in fact, DNA has been located on or in the plastic baggie and, given the other circumstances of the discovery of the baggie after the chase, it is reasonable to believe that comparison of the defendant's DNA to that found on the baggie will link him to it.  Only then do DNA samples from the defendant have potential evidentiary use justifying the invasion of the privacy interest in his body.

     Thus, based on these considerations, the government's current motion to require defendant to submit to the taking of DNA samples from him is due to be and hereby is DENIED.

     DONE this 30th day of September, 2010.

                                                  T. MICHAEL PUTNAM
                                                  U.S. MAGISTRATE JUDGE